UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

Plaintiff,

-against-

BROADVIEW FEDERAL CREDIT UNION,

Defendant.

26-CV-0282 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Dacula, Georgia, brings this *pro se* action under the Americans with Disabilities Act, the Rehabilitation Act, and the Electronic Fund Transfer Act, alleging that Defendant Broadview Federal Credit Union discriminated against him based on his disability. By order dated January 30, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis*. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

### A.    Transfer order

Venue for Plaintiff's claims is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts that venue is proper in this district under Section 1391 because "Defendant conducts business within this District and the challenged policies and decisions emanated from offices and systems located in New York." (ECF 1, at 1.) Although Plaintiff sets forth these conclusory assertions, he alleges no facts showing that Defendant maintains an office in this district from which it "conducts business" or that any "policies and decisions" were made in this district.[1] Plaintiff's vague and conclusory assertions, without any supporting facts, are insufficient to demonstrate that venue is proper in this district. *See P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025) ("[G]eneral and conclusory allegations cannot support a finding of venue under 28 U.S.C. § 1391(b)."); *Doe #1 v. JetBlue Airways Corp.*, No. 19-CV-1542, 2020 WL 4605216, at *5 (E.D.N.Y. Aug. 11, 2020) (finding conclusory allegations insufficient to support venue in statutory venue context); *Powell v. Monarch Recovery Mgmt., Inc.*, No. 15-CV-2162, 2016 WL 8711210, at *7 (E.D.N.Y. Jan. 22, 2016) (holding that "bare allegation that [d]efendants transact[ed] business in this District" was insufficient to "plead facts upon which th[e c]ourt . . . could determine whether venue was proper" in general venue context).

Plaintiff alleges that Defendant violated his rights when it failed to mail a debit card to his residence in Dacula, Georgia. Plaintiff does not plead the residence of Defendant. Documents attached to the complaint, however, show that Defendant is located in Albany, New York, which

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because Plaintiff does not allege facts showing that a substantial part of the events giving rise to his claim occurred in this district, or that Defendant resides in this district, venue appears to be improper in this court under Section 1391(b)(1) and (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. Defendant resides in Albany, New York, which appears to be where it made the decisions Plaintiff is challenging, and it is reasonable to expect that relevant documents and witnesses also would be located in Albany. Moreover, as Plaintiff resides in Georgia, it is equally convenient for him to litigate this action in the Northern District of New York as it would be to litigate this action in this district. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern

District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**B.      Plaintiff's motions**

On January 30, 2026, Plaintiff filed three documents: a "Notice of Structural Defects and Request for Article III Supervisory Review" (ECF 12); a "Motion to Compel Judicial Assignment and Issuance of Initial Screening Order" (ECF 13); and a "Motion to Strike Unauthorized Appearances and to Require Disclosure Regarding Transmission of the Complaint" (ECF 14).

Because Plaintiff's submissions at ECF 12 and ECF 13 appear to request prospective relief—such as "Article III supervisory review over the administrative handling of this action" and for the court to screen the complaint under 28 U.S.C. § 1915 and issue a summons—the Court reserves decisions on these submissions to the transferee court.

In Plaintiff's remaining motion (ECF 14), he requests that the Clerk of Court "explain[] how and when Defendant received the complaint," "STAY Defendant's motion for an extension of time" to answer; "STRIKE" Defendant's counsel's notice of appearance; and "RESTORE the case to the posture required by Federal Rules of Civil Procedure 4 and 5." (ECF 14, at 3.) The Court denies the motion as there is no basis for the relief Plaintiff seeks. As stated in the Court's January 30, 2026 order, a summons has not been issued, and Defendant has not been served. All complaints filed in federal court are public documents. Plaintiff filed the complaint on January 12, 2026, and, on January 30, 2026, counsel for Defendant entered appearances. There is nothing

4

improper about counsel entering an appearance when its client is named as a defendant in a complaint. Because there is no basis for the relief Plaintiff seeks, the Court denies the motion.

**C.      Warning**

Plaintiff's penchant for filing meritless motions is not limited to this action. *See, e.g.*, *Moody v. Boudewyns*, ECF 1:26-CV-0222, 14 (LTS) (S.D.N.Y. Feb. 2, 2026) (construing three submissions as a motion for reconsideration and denying the motion for lack of jurisdiction); *Moody v. Moody v. New York Inst. of Tech.*, No. 25-CV-8730, 69 (MMG) (SN) (S.D.N.Y. Jan. 29, 2026) (denying approximately ten meritless motions filed by Plaintiff and directing him to "refrain from filing further documents unless ordered by the Court"); *id.*, ECF 74 (text order denying two "renewed" motions that the court previously denied).

This action is closed in this court. If Plaintiff continues his pattern of filing meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this court. This order closes this case in this court.

The Court denies Plaintiff's motion at ECF 14. Decisions on Plaintiff's motions at ECF 12 and ECF 13 are reserved for the transferee court. The Court directs the Clerk of Court to terminate all pending motions.

If Plaintiff continues to file meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 3, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

6