UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                    Plaintiff,

          -against-

BROADVIEW FEDERAL CREDIT UNION,

                    Defendant.

26-CV-0282 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. On February 3, 2026, the Court transferred this action, in the interest of justice, to the United States District Court for Northern District of New York. (ECF 15.) On February 9, 2026, Plaintiff filed a "Motion to Compel Emergency Review" (ECF 17) in which he requests that the Court conduct "emergency review" of the claims raised in his complaint, and a "Rule 60(b)(4) Motion to Declare the Transfer Order Void" (ECF 18), in which he challenges the February 3, 2026 transfer order.[1]

After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

**A.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

[1] Despite captioning this submission as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which provides for relief from a judgment or order, Plaintiff asserts that "[t]his is not a motion for reconsideration." (ECF 18.)

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff brings his motion under Rule 60(b)(4), which provides relief from a judgment that is void. Rule 60(b)(4) is inapplicable, however, because the Court has not issued a judgment in this action. *See Golden Oldies, Ltd. v. Scorpion Auction Grp., Inc.*, 199 F.R.D. 98, 100 (E.D.N.Y. 2001) (holding that "60(b)(4) . . . [is] not implicated because no 'judgment' has been rendered against" the moving party). The Court merely transferred the action to another federal district court, where the action will proceed.

Even under a liberal interpretation of his submissions, Plaintiff has failed to demonstrate that any of the grounds listed in the other clauses (1), (2), (3), and (5) of Fed. R. Civ. P. 60(b) apply. Therefore, any request for relief under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

In light of Plaintiff's *pro se* status, the Court also liberally construes his submissions as a motion for reconsideration under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)).

The standards governing Local Civil Rule 6.3 are the same as those governing a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

Here, Plaintiff raises several arguments, all of which lack merit. First, Plaintiff asserts that the Court applied the wrong provision of the venue statute. Specifically, Plaintiff argues that the Court should have applied 28 U.S.C. § 1391(e), instead of 28 U.S.C. § 1391(b). Plaintiff is wrong. Section 1391(e) applies only to actions in which a "defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color or legal

authority, or an agency of the United States, or the United States." 28 U.S.C. § 1391(e)(1). The sole defendant in this action is Broadview Federal Credit Union, a private company. Because neither Plaintiff nor Defendant is an officer or employee of the United States or United States agency, or a United States agency of the United States itself, Section 1391(e) does not apply. Section 1391(b), which the Court applied, is the applicable venue provision.

Second, Plaintiff argues that venue is proper in this district because decisions were "made through centralized banking and compliance systems," Plaintiff "interacted with a New York-based financial institution," and because he is challenging policies and violations that "arise from national electronic networks, whose administration impacts this District." (ECF 18, at 2-3.) However, in its transfer order, the Court addressed, and rejected, Plaintiff's "vague and conclusory assertions" regarding decisions or business practices that he asserted occurred in this district. (*See* ECF 15, at 2.) Repeating those assertions in a motion for reconsideration is insufficient to warrant relief under Local Civil Rule 6.3.[2] *See Range Road Music, Inc.*, 90 F. Supp. 2d at 391-92.

Finally, Plaintiff argues that the Court's order "does not acknowledge or address" his requests for accommodations for his disability. (ECF 18, at 3.) Plaintiff appears to be referring to his claim, in a January 30, 2026 "notice," that his unspecified disability requires "timely judicial review and orderly docket management to participate meaningfully in proceedings." (ECF 12, at 3.) Because the Court transferred this action, Plaintiff's requests for accommodation of any disabilities are best reserved for the transferee court.

---

[2] Moreover, it is precisely because Plaintiff "interacted with a New York-based financial institution" that this Court transferred this action to the Northern District of New York, where Defendant is located.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3

Because the Court has denied Plaintiff's request for reconsideration of the February 3, 2026 transfer order, the action remains closed in this court. The Court therefore denies his request for emergency review of his complaint as moot.

If Plaintiff continues to file meritless motions in this closed action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

**CONCLUSION**

The Court denies Plaintiff's motions. (ECF 17, 18.) The Clerk of Court is directed to terminate all motions in this action.

This action is closed in this court. If Plaintiff continues to file meritless motions in this action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

The Clerk of Court is directed to effectuate transfer of this action to the United States District Court for the Northern District of New York. (*See* ECF 15.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 12, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge